UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CASE NO: 5:21-cv-00608-F

**TARA ARMADO and MAKI TYNER,**
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**HEALTH IQ INSURANCE SERVICES, INC.,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiffs Tara Armado and Maki Tyner bring this class action against Defendant Hi. Q, Inc., d/b/a Health IQ Insurance Services, Inc. ("Defendant") and allege as follows upon personal knowledge as to Plaintiffs and Plaintiffs' own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant sells insurance to consumers.

---

[1] Plaintiffs hereby amend their complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). This amendment moots Defendant's pending Motion to Dismiss. *See Jordan v. Grace Living Ctrs.,* No. CIV-19-654-G, 2020 U.S. Dist. LEXIS 4806, at *1 (W.D. Okla. Jan. 9, 2020)

1

3. To markets its products, goods, and services, Defendant also places telemarketing and solicitation calls using prerecorded or artificial voices to individuals' telephones numbers before first obtaining the required express written consent, and in violation of the National Do Not Call Registry.

4. Through this action, Plaintiffs seek injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiffs also seeks statutory damages on behalf of Plaintiffs and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff Maki Tyner. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited prerecorded voice messages to Plaintiff Maki Tyner's cellular telephone number (the "1588 Number"). Plaintiff Maki Tyner received such messages on the 1588 Number while residing in and physically present in Oklahoma and her cell phone has a 405-area code which corresponds with the Oklahoma City area.

7. This Court has pendent personal jurisdiction over Plaintiff Armado's claims because this Court has personal jurisdiction over Defendant for Plaintiff Tyner's claims and because Plaintiff Armado's claims arise from the same facts as Plaintiff Tyner's claims.

Specifically, both Plaintiffs' claims arise from Defendant's practice of placing unsolicited telemarketing calls to individuals who did not provide the requisite consent to Defendant.

## PARTIES

8. Plaintiff Maki Tyner ("Plaintiff Tyner") is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Grady County, Oklahoma.

9. Plaintiff Tara Armado ("Plaintiff Armado") is a natural person who, at all times relevant to this action, was a citizen of and domiciled in California.

10. Defendant is a Delaware corporation whose principal place of business is located in Mountain View, California.

11. Since, July 24, 2015, Defendant has been and is currently registered in Oklahoma as a foreign for-profit business under its d/b/a name of Health IQ Insurance Services, Inc.

12. Further, Defendant directs, markets, and provides its business activities throughout the state of Oklahoma.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS SPECIFIC TO PLAINTIFF MAKI TYNER

14. On May 24, 2021 and May 25, 2021, Defendant caused two prerecorded voice messages to be transmitted to Plaintiff Tyner's cellular telephone number ending in 1588 ("1588 Number").

15. Plaintiff Tyner received these calls to the 1588 Number while residing in and physically present in Oklahoma. Further, the 1588 Number has a 405-area code which corresponds with the Oklahoma City area.

16. The prerecorded messages stated the following: "Hello this is Health IQ, calling you back in regards to your request for a life insurance quote. I have great news for you. No need for a medical exam and you are enrolled in just a few minutes. please call us back at 866-600-9455 for your free quote today…."

17. At the time Plaintiff Tyner received Defendant's calls Plaintiff Tyner was the subscriber and/or sole user of the 1588 Number.

18. Defendant's prerecorded message calls constitute telemarketing/advertising/solicitations because they encourage the purchase or rental of, or investment in, Defendant's property, goods, or services.

19. At no point in time did Plaintiff Tyner provide Defendant with her express written consent to be contacted by telemarketing calls using prerecorded or artificial messages and any consent Defendant may claim to have had was expressly revoked by Plaintiff Tyner prior to these prerecorded voice messages being sent to her.

20. Plaintiff Tyner asked Defendant to stop calling her on or about May 8, 2021 after Defendant had called Plaintiff Tyner from the 866-931-4098 telephone number.

21. During that call, Plaintiff Tyner revoked any type of consent or permission Defendant may have had to contact her telephone with marketing or solicitations.

22. Defendant failed to honor or abide by Plaintiff Tyner's opt-out requests and continued to repeatedly call Plaintiff after she asked for the calls to stop.

23. In fact, Defendant called Plaintiff Tyner on May 24th, May 25th, May 26th, May 27th and May 28, 2021. These calls came from the following telephone numbers (855-923-2363, 855-763-3461, 855-463-5014, 855-965-3178, 833-624-0432, 855-965-0976, 855-965-0976, 855-953-2118, 408-459-4265, and 855-965-0976).

24. Defendant's failure to abide by Plaintiff Tyner's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

25. Defendant's failure to abide by Plaintiff Tyner's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

26. Defendant's failure to abide by Plaintiff Tyner's opt-out requests is indicative of Defendant's failure to maintain an internal do not call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

27. Defendant's failure to abide by Plaintiff Tyner's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made.

28. The 1588 Number has been registered on the National Do Not Call Registry since June 19, 2016, when Plaintiff registered the 1588 Number on the National Do Not Call Registry.

29. At all times relevant to this action, the 1588 Number has been a residential phone number.

30. At all times relevant to this action, the 1588 Number has been for personal and not business use.

31. Upon information and belief, Defendant caused similar calls, including calls using prerecorded messages, to be sent to individuals residing within this judicial district.

32. Defendant violated Plaintiff's legal and substantive rights under the TCPA.

33. Defendant's unsolicited prerecorded messages caused Plaintiff Tyner harm, including invasion of privacy, aggravation, inconvenience, wasted time, disruption to her daily life, and annoyance.

## FACTS SPECIFIC TO PLAINTIFF TARA ARMADO

34. On or about April 20, 2021, Defendant caused a telemarketing prerecorded voice message to be transmitted to Plaintiff Armado's cellular telephone number ending in 6526 (the "6526 Number").

35. The prerecorded message advertised Defendant's insurance services and, *inter alia,* requested that Plaintiff Armado call Defendant to see if Plaintiff qualified for Defendant's "exclusive special rates".

36. Plaintiff Armado received other calls from Defendant, including other calls that utilized prerecorded or artificial voices and calls that utilized text messages.

37. At the time Plaintiff Armado received Defendant's calls and texts, Plaintiff Armado was the subscriber and/or sole user of the 6526 Number.

38. Defendant's calls and texts constitute telemarketing/advertising/solicitations because they encourage the purchase or rental of, or investment in, Defendant's property, goods, or services.

39. At no point in time did Plaintiff Armado provide Defendant with her express written consent to be contacted by telemarketing calls using prerecorded or artificial messages and any consent Defendant may claim to have had was expressly revoked by Plaintiff Armado prior to receiving the prerecorded message.

40. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

41. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

42. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to maintain an internal do not call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

43. Defendant's failure to abide by Plaintiff's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made.

44. Defendant violated Plaintiff Armado's legal and substantive rights under the TCPA.

45. Defendant's unsolicited prerecorded messages caused Plaintiff Armado harm, including invasion of privacy, aggravation, inconvenience, wasted time, disruption to her daily life, and annoyance.

### CLASS ALLEGATIONS

#### PROPOSED CLASS

46. Plaintiffs' bring this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiffs and all others similarly situated.

47. Plaintiffs bring this case on behalf of the Classes defined as follows:

> **Prerecorded Message Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant or anyone on Defendant's behalf, (2) called using an artificial or prerecorded voice, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's cellular telephone number.
>
> **DO NOT CALL REGISTRY CLASS:** All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one call (including text message calls) within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) the

purpose of the calls was to encourage the purchase or rental of, or investment in, Defendant's property, goods, or services.

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a call (including text message calls), (2) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (3) to said person's residential telephone number, (4) after the person had requested to Defendant to not receive calls and/or text messages from Defendant.

48. Plaintiffs reserve the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

49. Defendant and its employees are excluded from the Classes. Plaintiffs' do not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

50. Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent and/or in violation of the national DNC. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

51. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

52. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiffs' and Class members' telephones using prerecorded messages;

    b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    c) Whether Defendant's conduct was knowing and willful;

    d) Whether Defendant initiated solicitation calls to telephone numbers listed on the National Do Not Call Registry;

    e) Whether Defendant initiated solicitation calls to telephone numbers who requested to not receive such calls;

    f) Whether Defendant is liable for damages, and the amount of such damages; and

    g) Whether Defendant should be enjoined from such conduct in the future.

53. The common questions in this case are capable of having common answers. If Plaintiffs' claim that Defendant routinely transmits calls to telephone numbers is accurate, Plaintiffs' and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

54. Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

55. Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

56. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiffs and Prerecorded Message Class)**

58. Plaintiffs re-allege and incorporate the foregoing allegations set forth in paragraphs 1 through 57 as if fully set forth herein.

59. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

60. It is a violation of the TCPA to "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(B).

61. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

62. It is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

63. It is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(3).

64. Defendant placed telemarketing calls using an artificial or prerecorded voice to the telephones of Plaintiff and other members of the Class.

65. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class with telemarketing calls using an artificial or prerecorded voice.

66. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 227(b)(1)(B), 64.1200(a)(1)(iii), 64.1200(a)(2), and 64.1200(a)(3) by placing telemarketing non-emergency

11

calls that used an artificial or prerecorded voice to the telephones of Plaintiff and the putative class without first obtaining prior express written consent from these individuals.

67. Defendant knew that it did not have prior express written consent to make these telemarketing calls and knew, or should have known, that it was placing telemarketing calls that used artificial or prerecorded voices. The violations were therefore willful or knowing.

68. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiffs and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

69. As a result of Defendant's knowing or willful conduct, Plaintiffs and the Prerecorded Message Class members are entitled to an award of $1,500.00 in statutory damages per violation. *Id.*

70. Plaintiffs and the members of the Class are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiffs and the Internal Do Not Call Class)**

71. Plaintiffs re-allege and incorporate the foregoing allegations set forth in paragraphs 1 through 57 as if fully set forth herein.

72. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

        **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

73. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

74. Plaintiffs and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

75. Defendant failed to honor Plaintiffs' and the Internal Do Not Call Class members' opt-out requests.

76. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

77. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

78. Pursuant to 47 U.S.C. § 227(c)(5) of the TCPA, Plaintiffs and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

79. As a result of Defendant's knowing or willful conduct, Plaintiffs and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation. *Id.*

80. Plaintiffs and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5). *Id.*

## COUNT III
### Violations of the TCPA, 47 U.S.C. § 227(c) and § 64.1200(c)

**(On Behalf of Plaintiff Tyner and the Do Not Call Registry Class)**

81. Plaintiff Tyner re-alleges and incorporates the allegations of paragraphs 1-57 as if fully set forth herein.

82. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

83. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

84. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

85. Defendant violated 47 C.F.R. § 64.1200(c) by placing telephone solicitation calls to telephone subscribers such as Plaintiff Tyner and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

86. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Tyner and the Do Not Call Registry Class received more than one solicitation telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Tyner and the Do Not Call Registry Class,

pursuant to section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

87. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

88. Plaintiff Tyner and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiffs as the representative of the Class and Plaintiffs' counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiffs and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiffs seeks for Plaintiffs and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiffs seeks for Plaintiffs and each member of

the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, cease initiating calls to telephone numbers listed on the National Do Not Call Registry and to cease all activity to individuals who have requested to be removed from Defendant's consent list and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiffs demand that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 9, 2021

                              Respectfully submitted,

                              By: */s/ Ignacio Hiraldo*
                              Ignacio Hiraldo, Esq.
                              IJhiraldo@Hiraldolaw.com
                              **IJH Law**
                              1200 Brickell Ave.
                              Suite 1950

Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
Pro Hac Vice to be filed

*Attorneys for Plaintiff and the Proposed Class*