IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARA ARMADO and MAKI TYNER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>-vs-<br><br>HEALTH IQ INSURANCE SERVICES, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-21-608-F<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Plaintiffs Tara Armado (Armado) and Maki Turner (Turner), individually and on behalf of all others similarly situated, bring this putative class action seeking injunctive relief and statutory damages for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*. According to the First Amended Class Action Complaint, Armado is a citizen of and domiciled in California and Turner is a citizen of and domiciled in Oklahoma. Defendant, Health IQ Insurance Services, Inc. (Health IQ) is a Delaware corporation with its principal place of business in Mountain View, California. Both plaintiffs claim that Health IQ caused prerecorded voice telemarketing messages to be transmitted to their cellular telephone numbers without their express written consent, in violation of the TCPA.

In response to plaintiffs' amended pleading, Health IQ has moved to dismiss the claims of Armado on the ground the court lacks personal jurisdiction over defendant with respect to those claims. Armado contends that dismissal of her

claims is not appropriate because the court may exercise pendent personal jurisdiction over Health IQ as to her claims.

In U.S. v. Botefuhr, 309 F.3d 1263 (10th Cir. 2002), the Tenth Circuit explained that pendent personal jurisdiction "exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Id*. at 1272. In essence, the claim over which the district court lacks independent basis for personal jurisdiction is "piggyback[ed]" onto the claim over which the court possesses personal jurisdiction. *Id.* However, for this to occur, the claim must "arise from the same facts as the claim over which [the court] has proper personal jurisdiction." *Id*.

Assuming without deciding that pendent personal jurisdiction can apply in circumstances where a plaintiff seeks to piggyback her claims to another plaintiff's claims against a defendant, the court concludes its application is not appropriate in this case. Despite Armado's arguments to the contrary, the court concludes that her claims do not arise from the same facts as Turner's claims. Armado's claims are based upon prerecorded voice telemarketing messages transmitted to her cellular telephone while domiciled in California and Turner's claims are based upon prerecorded voice telemarketing messages transmitted to her cellular telephone while she was domiciled in Oklahoma. The messages were left on plaintiffs' cellular telephones on different dates. Although Armado pleads the same violations of the TCPA and seeks the same relief as Turner, the court concludes that Armado's claims do not arise out of the same nucleus of operative fact.

Because Armado cannot rely upon pendent personal jurisdiction and she does not make a prima facie showing that the court possesses personal jurisdiction—specific or general—over Health IQ with respect to her claims, the court concludes

that Armado's claims against defendant should be dismissed without prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P.[1]

Accordingly, Defendant Health IQ Insurance Services, Inc.'s "Motion to Dismiss Plaintiffs' First Amended Complaint" (doc. no. 16) is **GRANTED** to the extent that the claims of plaintiff, Tara Armado, against defendant alleged in the First Amended Class Action Complaint are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P.

IT IS SO ORDERED this 1st day of November, 2021.

_/s/ SP Friot_
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0608p004 rev .docx

---

[1] *See*, Hollander v. Sandoz Pharmaceuticals Corp., 289 F.3d 1193, 1216 (10th Cir. 2002) (concluding the district court should have dismissed the plaintiffs' claim against defendant without prejudice after the court found it lacked personal jurisdiction over that company).