# Exhibit H

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MAKI TYNER,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **HEALTH IQ INSURANCE SERVICES, INC.,** <br><br> Defendant. | Case No.: 5:21-cv-00608-F |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Maki Tyner, pursuant to Fed. R. Civ. P. 26 and 33, hereby serves her objections and responses to Defendant Health IQ Insurance Services, Inc. ("Health IQ" or "Defendant") First Set of Interrogatories to Plaintiff.

### GENERAL RESPONSES AND OBJECTIONS

Plaintiff's responses, in addition to any specifically stated objections, are subject to and incorporate the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the Plaintiff's general responses and objections.

1.  The following responses reflect the current state of Plaintiff's knowledge, understanding, and belief respecting matters about which inquiry has been made. Plaintiff expressly reserves their right to supplement or modify these responses with pertinent information as they may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter and will do so to the extent required by the applicable

1

rules. Plaintiff expressly reserves the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon Discovery.

2. The inadvertent provisions of information or the production by Plaintiff of documents containing information protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those of any other documents. In the event that inadvertent production occurs, the Defendant shall return all inadvertently produced documents to Plaintiff upon request and shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

3. None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization. The Plaintiff's written responses are made without waiving, but, on the contrary, expressly reserving:

   a. the right to object, on the grounds of competency, privilege, relevance, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action;

   b. the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and

   c. the right at any time to revise, correct, add, or clarify any of the responses provided herein.

4. Plaintiff states that Plaintiff is responding to the Interrogatories as Plaintiff interprets and understands them. If Defendant subsequently asserts an interpretation of any

Interrogatory that differs from the understanding of Plaintiff, Plaintiff reserves its right to further supplement their objections and/or responses herein.

5. Plaintiff states that the responses to many of the Defendant's Interrogatories may, in substantial part, be derived or ascertained from records and documents produced by the Defendant in discovery or within Defendant's possession, custody, or control.

6. To the extent that any interrogatory may be derived from documents (including electronically stored information) and the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, the party answering the interrogatory may produce documents in lieu of answering the interrogatory.

## ANSWERS

**INTERROGATORY NO. 1:**

State the name, last known address, and telephone number of all persons (other than counsel) participating in preparing the answers to this set of Interrogatories.

**ANSWER:**

Myself with assistance from my lawyers.

**INTERROGATORY NO. 2:**

State the name, last known address, and telephone number of all persons who You believe have knowledge or information that relates in any way to the Subject Matter of this Action, including any claim for damages or defenses thereto, and as to each such person, state briefly a summary of the information known.

**ANSWER:**

Myself and Defendant.

**INTERROGATORY NO. 3:**

Identify every communication (written and/or oral) and/or contact that You had with Health IQ or any third-party concerning or relating to the Subject Matter of this Action. For each communication and/or contact, please identify the date of the communication, the format or physical location where it occurred, the names of all persons who were present/copied, and a summary of the substance of the communication.

**ANSWER:**

Plaintiff, through her attorneys, hereby refers Defendant to its own business records, or its vendor(s) business records, that demonstrate the calls it placed to Plaintiff. Plaintiff also refers Defendant to Plaintiff's First Amended Complaint at ¶¶ 14; 20-21; 23. Plaintiff also states as follows.

I received a call from Defendant on May 8, 2021 from Defendant from the telephone number 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. On May 8, 2021 I called Defendant back at the 866-931-4098 number that had called me and asked Defendant's employee to stop calling me.

On May 24th, May 25th, May 26th, May 27th and May 28, 2021 Defendant called me. The calls came from the following telephone numbers (855-923-2363, 855-763-3461, 855-463-5014, 855-965-3178, 833-624-0432, 855-965-0976, 855-965-0976, 855-953-2118, 408-459-4265, and 855-965-0976).

On May 24, 2021 and May 25, 2021 Defendant left prerecorded messages on my voicemail.

**INTERROGATORY NO. 4:**

Identify all lawsuits, and/or threatened lawsuits, and/or claims in which You have been involved in any capacity, including but not limited to Your involvement as a party, witness, or deponent. For each lawsuit, threatened lawsuit, and/or claim identified, state Your involvement and the nature of the matter.

4

**ANSWER:**

None besides this one and in 2002 I filed for bankruptcy with my husband.

**INTERROGATORY NO. 5:**

Identify each telephone number for which you were the subscriber and/or regular user from June 1, 2016, to the present, including for each the device the make, model, operating system, and any browser that was loaded on the phone.

**ANSWER:**

Just 4053201588. It is an Apple iPhone SE. Safari and Duck Duck Go.

**INTERROGATORY NO. 6:**

Identify each subscriber and/or regular user of any device having the Cell Phone Number during the period June 1, 2016, to the present, including the dates for which that person or entity was a subscriber and/or regular user of the number.

**ANSWER:**

Myself since before June 1, 2016 until today.

**INTERROGATORY NO. 7:**

During the period June 19, 2016, to the present, was the Cell Phone Number part of a business and/or family plan? If so, identify all other numbers on the family plan and individuals associated with those numbers.

**ANSWER:**

Plaintiff, through her attorneys, hereby objects to the interrogatory as not relevant and not proportional to the needs of the case. This matter involves calls to Plaintiff's telephone number ending in 1588. Whether this telephone number is part of a family plan, the identify of other individuals on that plan, and the telephone numbers for those individuals has no relevance to

whether Defendant is liable for calls placed to Plaintiff's 1588 number. Further, this information is not proportional given the privacy intrusions and lack of relevance to the claims and defenses for calls to the 1588 Number. Subject to and notwithstanding this objection, Plaintiff states as follows.

I have a family plan with my husband, who has a different telephone number than the 1588 Number. My husband does not use the 1588 Number.

**INTERROGATORY NO. 8:**

Since June 19, 2016, to the present, identify each entity and/or person that provided payments for the costs, fees, subscription, and/or other payments associated with the Cell Phone Number, including either direct payments and/or reimbursement.

**ANSWER:**

Myself and my husband pay it jointly.

**INTERROGATORY NO. 9:**

Between June 19, 2016, to the present, has the phone with the Cell Phone Number ever been used for a business or commercial purpose?

**ANSWER:**

No.

**INTERROGATORY NO. 10:**

Between June 19, 2016, to the present, state all facts that support your contention that You were the residential telephone subscriber for the Cell Phone Number.

**ANSWER:**

I've had this number since before June 19, 2016 and have used it as my personal cellphone since that date. I do not use it for any business or commercial purpose.

**INTERROGATORY NO. 11:**

Provide all facts supporting your allegation that you received telephone calls from or on behalf of Health IQ on the Cell Phone Number.

**ANSWER:**

Plaintiff, through her attorneys, hereby refers Defendant to its own business records, or its vendor(s) business records, that demonstrate the calls it placed to Plaintiff. Plaintiff also refers Defendant to Plaintiff's First Amended Complaint at ¶¶ 14; 20-21; 23. Plaintiff also states as follows.

I got two prerecorded messages on my voicemail that stated they were from Health IQ. When I picked up the other calls, they said it was Health IQ returning my call.

**INTERROGATORY NO. 12:**

Provide, with specificity, the basis (if any) for Your allegation that You did not provide express consent to be contacted by Health IQ.

**ANSWER:**

I never gave Health IQ permission to call me or express written consent to place prerecorded marketing messages to my cell phone. I've never used Health IQ's services.

**INTERROGATORY NO. 13:**

State all facts that support Your contention that You revoked consent to be contacted by Health IQ, if any.

**ANSWER:**

I never gave consent to begin with, but I also called Health IQ on May 8, 2021 to tell them to stop calling me and whenever I picked up the phone and spoke to the individuals that said they were from Health IQ I asked them to stop calling me.

**INTERROGATORY NO. 14:**

State all facts that support Your contention that You received any prerecorded voice message(s) from or on behalf of Health IQ.

**ANSWER:**

Plaintiff, through her attorneys, hereby refers Defendant to its own business records, or its vendor(s) business records, that demonstrate the calls it placed to Plaintiff. Plaintiff also states as follows.

I had two prerecorded messages on my phone that said they were from Health IQ. I am also aware that Defendant has admitted to placing three prerecorded voice messages.

**INTERROGATORY NO. 15:**

Do you claim that You sustained any actual damages or injury as a result of the phone calls You received, as alleged in Your Complaint? If your answer is in the affirmative, describe and set forth the calculation of the actual damages and/or injury sustained.

**ANSWER:**

I am seeking statutory damages for each call that Defendant placed that is in violation of the Telephone Consumer Protection Act. Although the calls were annoying, aggravating, wasted my time, disrupted my life, and invaded my privacy, I am not seeking damages beyond the statutory damages the TCPA allows.

**INTERROGATORY NO. 16:**

Set forth in full and complete detail, and without resort to legal conclusions, each and every fact and/or basis for the damages You claim in this Action, including, but not limited to, any calculation for such damages and the amount of damages sought.

**ANSWER:**

I never gave Defendant consent to call me and my telephone number is listed on the Do Not Call registry, yet Defendant called me multiple times to try and sell me their products, including calling me after I had asked them to stop, and also left prerecorded marketing messages on my phone.

**INTERROGATORY NO. 17:**

Identify and describe each telephone call or message that is the Subject Matter of this Action and for which You seek relief, including the following for each such call: (a) the date and time of the call; (b) the phone number at which You received the call; (c) the phone number from which You received the call; (d) the identity of the caller; (e) whether You or any other person answered the telephone call; (f) whether You claim that the call was made using a live caller or a prerecorded voice message; (g) whether You claim that the telephone number on which You received the call was listed on any national, state, and/or internal Do Not Call list, and if so the date of listing; (h) a description of the content of the call; (i) all basis for alleged liability; and (j) the damages, if any, that you allege from receipt of that call.

**ANSWER:**

Plaintiff, through her attorneys, hereby refers Defendant to its own business records, or its vendor(s) business records, that demonstrate the calls it placed to Plaintiff. Plaintiff also refers Defendant to Plaintiff's First Amended Complaint at ¶¶ 14; 20-21; 23. Further, Plaintiff objects to this interrogatory as discovery is ongoing. Additionally, Defendant's use of subparts exceeds the

9

allowed number of Interrogatories under the Federal Rules. Subject to these objections, Plaintiff states as follows.

I never gave consent to Defendant to call me. I am looking for restitution for each call Defendant placed to my phone, which has been listed on the DNC list since June 19, 2016.

I received a call from Defendant on May 8, 2021 from Defendant from the telephone number 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. On May 8, 2021 I called Defendant back at the 866-931-4098 number that had called me and asked Defendant's employee to stop calling me.

On May 24th, May 25th, May 26th, May 27th and May 28, 2021 Defendant called me. The calls came from the following telephone numbers (855-923-2363, 855-763-3461, 855-463-5014, 855-965-3178, 833-624-0432, 855-965-0976, 855-965-0976, 855-953-2118, 408-459-4265, and 855-965-0976).

On May 24, 2021 and May 25, 2021 Defendant left prerecorded messages on my voicemail.

**INTERROGATORY NO. 18:**

Set forth the factual basis for Your contention that Health IQ violated the TCPA in connection with the Subject Matter of this Action.

**ANSWER:**

I never gave Health IQ consent to call me, and my telephone number has been on the DNC list since 2016. Health IQ called me numerous times to try and sell me their products, left prerecorded messages on my voicemail, and continued to call me even after I asked them to stop.

**INTERROGATORY NO. 19:**

Identify any instances in which You provided counsel or advice to any third-party (including via text, email, social media, and/or oral conversation) regarding how to bring and/or prove claims under

the Telephone Consumer Protection Act, and describe in detail the counsel or advice that You have provided.

**ANSWER:**

None.

**INTERROGATORY NO. 20:**

Identify each website that you visited for purposes of obtaining health insurance for yourself during the period in or around March 2021.

**ANSWER:**

I wasn't looking for health insurance in or around March 2021, because I already had health insurance.

**INTERROGATORY NO. 21:**

Set forth all facts establishing the addition of the Cell Phone Number to the National Do-Not-Call-Registry, including the identifying the person that added it and any witnesses or persons with knowledge, as well as all facts relevant to same.

**ANSWER:**

I added the number to the DNC on June 19, 2016.

11

Dated: March 10, 2022

Signed, as to objections,

| */s/ Ignacio J. Hiraldo* | |
|---|---|
| Ignacio J. Hiraldo, Esq.<br>Florida Bar No. 0056031<br>**IJH Law**<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33131<br>Email: ijhiraldo@ijhlaw.com<br>Telephone: 786.496.4469 | Manuel S. Hiraldo, Esq.<br>**Hiraldo PA**<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713 |

*Counsel for Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, I electronically served the foregoing document on all counsel of record.

                                                */s/ Ignacio J. Hiraldo*
                                                Ignacio J. Hiraldo, Esq.
                                                Florida Bar No. 0056031
                                                **IJH Law**
                                                1200 Brickell Ave Suite 1950
                                                Miami, FL 33131
                                                Email: ijhiraldo@ijhlaw.com
                                                Telephone: 786.496.4469

## **VERIFICATION**

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the factual statements contained in the foregoing document and true and correct to the best of my knowledge, information and belief.

Executed On: _Mar 10, 2022_

Signed,

*Maki Tyner*
Maki Tyner (Mar 10, 2022 14:06 CST)

NAME: Maki Tyner

# Health IQ - Plaintiff's Answers to Defendant's First Set of Interrogatories

Final Audit Report                                                                 2022-03-10

| | |
|---|---|
| Created: | 2022-03-10 |
| By: | Ignacio Hiraldo (ijhiraldo@ijhlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAaD-nviE2qlPuO59vkN0jIEyUcR1a1YWQ |

## "Health IQ - Plaintiff's Answers to Defendant's First Set of Interrogatories" History

- 🗎 Document created by Ignacio Hiraldo (ijhiraldo@ijhlaw.com)
  2022-03-10 - 7:55:24 PM GMT- IP address: 108.81.78.90

- ✉ Document emailed to Maki Tyner (makityner@gmail.com) for signature
  2022-03-10 - 7:55:58 PM GMT

- 🗎 Email viewed by Maki Tyner (makityner@gmail.com)
  2022-03-10 - 8:04:17 PM GMT- IP address: 74.125.214.3

- ✍ Document e-signed by Maki Tyner (makityner@gmail.com)
  Signature Date: 2022-03-10 - 8:06:19 PM GMT - Time Source: server- IP address: 136.228.120.191

- ✅ Agreement completed.
  2022-03-10 - 8:06:19 PM GMT

**Adobe Sign**